UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBORAH RENEE ROBINSON,

      Plaintiff,

v.                                                  Case No. 17-CV-1750-pp

MILWAUKEE SECURE DETENTION FACILITY,

      Defendant.

## ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE PLAINTIFF'S COMPLAINT (DKT. NO. 1)

The plaintiff Deborah Renee Robinson, a Wisconsin inmate who is representing herself, filed a complaint under 42 U.S.C. §1983. Dkt. No. 1. In that complaint, she alleges that the defendant violated her rights by negligently handling the water spillage from the cafeteria ice machine, which caused her to suffer a broken leg and wrist. Dkt. No. 1. She further asserts that the defendant violated her rights by delaying her medical care. Id. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when she filed her complaint. 28 U.S.C. §1915. The PLRA allows a court to let an inmate proceed with her lawsuit without

1

prepaying the case filing fee, if she meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On January 11, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $39.11. Dkt. No. 9. The court received that fee on January 22, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will require the plaintiff to pay the remainder of the filing fee over time as explained at the end of this decision.

## II. Screening the Plaintiff's Complaint (Dkt. No. 1)

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The

complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived her of a right secured by the Constitution or laws of the United States; and 2) the person who deprived her of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.  The Plaintiff's Allegations

During the events she describes in the complaint, the plaintiff was an inmate housed at the Milwaukee Secure Detention Facility (MSDF). Dkt. No. 1 at 2.

The plaintiff alleges that on September 19, 2017, "being called to lunch [she] slipped and fell from water on the floor from the ice machine being used by inmates ahead of her in line." Id. The plaintiff asserts that at the time she fell, there was only one "pod worker" on duty; according to the plaintiff, this single worker wasn't able to "realize and secure the area by way of claiming the spill or at least putting out a wet floor notification in view." Id. She says that there weren't any mats in the area of the ice machine to stop people from

3

slipping. Id. The plaintiff also alleges that a sergeant who visited her hospital room that night told her that the sixth floor was the only floor that did not have such mats. Id.

The plaintiff asserts that she slipped at 11:15 a.m. Id. She states she begged staff members to call an ambulance, because she had "heard and felt the bone in [her] leg break." Id. at 2-3. The plaintiff says she did not know at that time her wrist also was broken. Id. at 3. She alleges her pleas went unanswered. Id. She says that she was forced to sit in a cell in a plastic chair, "unable to move." Id. She "wet herself several times." Id. The plaintiff alleges that she cried out to staff "continually;" finally, at 5:00 p.m. she was taken for x-rays, then returned to the same chair in the cell. Id. She asserts that she was finally taken to the hospital at 8:00 p.m. Id. Staff did not call an ambulance; she was required to walk "in excruciating pain" to a facility vehicle for transport. Id. She had broken her femur and her left wrist, and was hospitalized for three weeks. Id. She underwent surgery, and had a plate and two screws placed in her leg. Id.

The plaintiff says that MSDF neglected to ensure her safety or maintain a safe environment at meal time. Id. She alleges that the facility should have gotten a substitute officer. Id. She maintains that, in addition to her physical pain and suffering, she lost the ability to work to support herself, and was not able to immediately pursue work release; as of the date of her complaint, she was still incapacitated and under a doctor's care. Id.

The plaintiff seeks injunctive relief and compensatory and punitive damages.

B. The Court's Analysis

The plaintiff named only one defendant in the caption of her case—MSDF. Dkt. No. 1 at 1. In the body of the complaint, she says that she seeks damages from MSDF "and the Mil. DOC . . . ." Id. at 3. It appears, then, that the plaintiff has sued the MSDF facility, and the Department of Corrections (which is an arm of the State of Wisconsin, not the city of Milwaukee; the Milwaukee Secure Detention Facility is a Wisconsin Department of Corrections facility).

As for a cause of action, the plaintiff alleges that the defendants "neglected" to provide a safe area. In order to state a claim for a violation of civil rights under §1983, a plaintiff must "prove a violation of [an] underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim." Daniels v. Williams, 474 U.S. 327, 330 (1986) (citations omitted). The court concludes that the plaintiff's allegations most closely resemble a conditions-of-confinement or deliberate indifference claim under Eighth Amendment rights.

"[T]he treatment a prisoner receives in prison and the conditions under which [s]he is confined are subject to scrutiny under the Eighth Amendment . . . ." Farmer v. Brennan, 511 U.S. 825, 832 (1970) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). The Amendment requires that prison officials "must

provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

To state a conditions-of-confinement claim under the Eighth Amendment, a plaintiff must show that the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Gillis v. Litscher, 468 F.3d 488, 491 (7th Cir. 2006) (quoting Farmer, 511 U.S. at 847).

"The Eighth Amendment [also] safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose'" Arnett v. Webster, 658 F.3d 742, 750 (7th Cir. 2011) (quoting Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 828 (7th Cir. 2009)). If prison officials are "deliberately indifferent to prisoners' serious medical needs," id. (citing Estelle, 429 U.S. at 104), or they "act with 'deliberate indifference' towards a substantial risk of serious harm to a prisoner's health or safety," Farmer, 511 U.S. at 829, they violate the Constitution. A claim based on deficient medical care must demonstrate 1) an objectively serious medical condition or serious harm and 2) an official's deliberate indifference to that condition or harm. Farmer, 511 U.S. at 829; Arnett, 658 F.3d at 750.

The plaintiff appears to be asserting that the defendant violated her Eighth Amendment rights by being deliberately indifferent to her serious medical needs when it placed her in a cell and delayed treatment of her broken leg and wrist (see Smith v. Knox Cty. Jail, 666 F.3d 1037, 1040 (7th Cir.2012)) and by subjecting her to inhumane conditions of confinement (see Delaney v. DeTella, 256 F.3d 679, 684 (7th Cir. 2001). But "[o]nly *persons* who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (emphasis added).

Neither MSDF nor the Wisconsin Department of Corrections is a person, nor are they separate legal entities that can be sued under §1983. See Louis v. Milwaukee Cty. Jail, No. 17-CV-113-WED-PP, 2017 WL 3037567, at * 2 (E.D. Wis. July 18, 2017) (citing Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993)). If the plaintiff wishes to proceed, she will need to file an amended complaint that names the prison official or officials who were personally involved in the alleged constitutional violations. If she does not know the names of the people who were responsible for failing to have mats on the floor near the ice machine, or the names of the people who kept her in a chair in a cell for hours awaiting medical treatment, then she may use the placeholder names "John Doe" (for men) or "Jane Doe" (for women). The plaintiff's amended complaint must explain what the prison official or officials did, or did not do, that violated her constitutional rights. For example, she could state something like, "Jane Doe corrections officer walked me to the cell

and put me in a plastic chair. She did not call an ambulance, even though I asked her to."

If the plaintiff wants to continue with her lawsuit, she needs to file this amended complaint in time for the court to receive it by the end of the day on **Friday, October 12, 2018**. If the court does not receive an amended complaint by the end of the day on Friday, October 12, 2018 (or a request from the plaintiff asking for more time, and explaining why she needs it), the court will dismiss the compliant on the next business day for failure to state a claim upon which relief can be granted, and failure to diligently pursue the case (under Civil Local Rule 41(c)).

The court is enclosing a copy of a complaint form and instructions. The plaintiff should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—17-cv-1750—in the field for "Case Number." She must list all the defendants in the title of the complaint (even if they are John/Jane Does). She must use the spaces on pages two and three to describe all the claims she wishes to bring, and to describe which defendants she believes committed the violations that relate to each claim. If the space is not enough, she may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint; it must be complete in itself and should not instruct the court to look back at the prior complaint for reference. See <u>Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84</u>,

133 F.3d 1054, 1056-57 (7th Cir. 1998). If the plaintiff files the amended complaint by the deadline, the court will screen it under 28 U.S.C. §1915A.

## III. Conclusion

The court **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **GRANTED**. Dkt. No. 2.

The court **ORDERS** that by the end of the day on **Friday, October 12, 2018**, the plaintiff shall file an amended complaint that complies with the court's instructions above. If the court does not receive an amended complaint, or a motion for an extension of time to file the amended complaint, by the end of the day on Friday, October 12, 2018, it will dismiss this case.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from her institution trust account the $310.89 balance of the filing fee by collecting monthly payments from the trust account in an amount equal to 20% of the preceding month's income credited to the account, and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10, in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the Milwaukee Women's Correctional Center, where the plaintiff is confined.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if she does not file documents or take other actions by the deadlines the court sets, the court may dismiss her case for failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 31st day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**